UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 08-21092-CIV-GOLD/WHITE
(03-20450-CR-Gold)

BEATRIZ MARRERO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE WHITE [DE 36]; DENYING MOTION [DE 1]; CLOSING CASE

THIS CAUSE is before the Court upon Magistrate Judge White's Report and Recommendations [DE 36], entered April 16, 2009 (hereinafter, the "Report"). The Report recommends that Plaintiff's Motion to Vacate [DE 1] be denied. Objections to the Report have been timely filed on May 07, 2009 [DE 38].

Judge White properly addressed the four claims that Petitioner raised in her motion to vacate. First, Petitioner raised an ineffective counsel claim, which Judge White appropriately found without merit. Having applied the standard for ineffective counsel set forth in *Strickland v. Washington,* Judge White correctly concluded that Petitioner failed to demonstrate that her trial and appellate counsels were ineffective. [DE 38, p. 9-12].

Next, Petitioner claimed prosecutorial misconduct that denied her a fair trial. Notably, Petitioner raised this issue on appeal and the Eleventh Circuit found no evidence to suggest that the government suborned perjury. *United States v. Cardenas*, 234 F.App'x 892, 902 (11th Cir. 2007). We agree with the Eleventh Circuit's conclusion that Petitioner's claim is without merit.

In her third claim, Petitioner contended that the Supreme Court cases of *United States v. Santos*, 128 S.Ct. 2020 (2008) and *Cuellar v. United States*, 128 S.Ct. 1994

(2004) support the reversal of her convictions. Petitioner urged Judge White to adopt the *Santos* plurality's position that "proceeds" mean profits. She argued that her failure to profit from the illegal venture with Diaz amounted to insufficient evidence to support her money laundering conviction. Although, the Eleventh Circuit has not interpreted the term "proceeds" as used in §1956 (a) (1) (A) (I), we need not address the meaning of the term "proceeds" for the sake of deciding the instant case.[1]

Interpreting "proceeds" in the narrowest sense would not change the outcome of this case. Petitioner's argument that she experienced financial losses from her illegal adventure with Diaz is not supported by the evidence put on at trial. The evidence at trial overwhelmingly indicated that Petitioner accepted the payment of a commission of 2 or 3% for the transportation of the money. [DE 38, p. 15]. Additionally, she received 2% for the exchange of smaller bills for larger bills, which she arranged through a friend at the bank, to facilitate the transfer of the funds. *Id.*

Moreover, Judge White extensively detailed the trial court's finding that Petitioner knowingly transported to Spain laundered funds from the proceeds of drug trafficking by Diaz's organization. Petitioner's knowledge of the source of the funds, her role in exchanging the smaller bills for larger bills, and her trips to Spain to transport the money without filing outbound currency reports satisfied the "concealment element" as required by §1956 (a) (2) (B) (i) and outlined in *Cuellar*.

Finally, Petitioner argued that her sentence was unreasonable and unlawful. This claim was procedurally barred from review because it was not raised on appeal. [DE38, p. 17]. Even if we were to overlook the procedural bar, the validity of the claim is undermined by the record of Petitioner's sentencing hearing. The trial court denied the government request for a sentence enhancement for obstruction of justice and concluded that the "guidelines range of 121 to 151 months is too high in view of the offense." [DE 38, p. 8].

---

[1] *See* Engle v. Eichenlaub, 2009 WL 2634206 (N.D.Fla., Aug. 24, 2009) (Holding that the meaning of "proceeds" as adopted by the plurality in Santos is narrowly applicable to money laundering convictions based on the proceeds of illegal gambling.)

Further, the trial court determined that the appropriate guidelines imprisonment range for the offense was 97 to 121 months and subsequently sentenced Petitioner to the lowest end of the guideline range of 97 months imprisonment with three years of supervised release. [CR DE 831].

Because Petitioner did not provide any meritorious arguments in her objections to Judge White's Report and Recommendation and having reviewed the record and applicable law, it is hereby

ORDERED AND ADJUDGED:

1. The Report and Recommendations [DE 36] is AFFIRMED AND ADOPTED.
2. Plaintiff's Motion to Vacate [DE 1] is DENIED.
3. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida this 30 day of September, 2009.

THE HONORABLE ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

cc:
U.S. Magistrate Judge Patrick A. White
Counsel of record